IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SPRATT HOWARD, | : | |
| Petitioner, | : | |
| VS. | : | NO. 3:12-CV-44-CDL-CHW |
| DENNIS BROWN, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Spratt Howard's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Docs. 1, 6. Also before the Court is Respondent Dennis Brown's motion to dismiss in which Respondent argues that the petition should be dismissed as untimely. Doc. 22.[1] Because Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish grounds for equitable tolling, it is hereby **RECOMMENDED** that the petition be **DISMISSED** as time-barred.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 1996, a jury in the Superior Court of Clarke County convicted Petitioner of one count of armed robbery. Doc. 24-1. The trial court sentenced Petitioner to life imprisonment without parole. Id. On July 16, 1998, the Court of Appeals of Georgia affirmed Petitioner's conviction and sentence on direct appeal. Howard v. State, 233 Ga. App. 724 (1998). On December 4, 1998, the Supreme Court of Georgia denied Petitioner's petition for certiorari. Id. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

---

[1] In the alternative, Respondent argues that the petition should be dismissed for failure to exhaust. It is unnecessary to address the merits of Respondent's alternative argument because the instant 2254 petition is clearly time-barred.

1

On February 29, 2008, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Chattooga County with the assistance of attorney McNeill Stokes. Doc. 24-3. After conducting an evidentiary hearing, the state habeas court entered an order denying Petitioner's state habeas corpus petition on May 10, 2011. Doc. 24-4. On November 19, 2012, the Supreme Court of Georgia concluded that Petitioner failed to file an application for a certificate of probable cause to appeal the denial of his state habeas corpus petition as required by O.C.G.A. § 9-14-52(b). Doc. 34-1.

On April 9, 2012, Petitioner executed his 28 U.S.C. § 2254 petition seeking habeas corpus relief in this Court. Doc. 1. On August 31, 2012, Respondent filed an answer and moved to dismiss the petition as untimely or for lack of exhaustion. Docs. 21, 22. Petitioner filed multiple documents in response. Docs. 26, 27, 28, 29, 31, 32, 34. Petitioner also filed a "memorandum requesting retroactive binding to equal protective of law review," which this Court previously construed as a motion. Doc. 33.

## DISCUSSION

Petitioner's section 2254 petition must be dismissed as time-barred because Petitioner failed to file his petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) and because Petitioner failed to establish adequate grounds for equitable tolling. The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the

2

conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal to the United States Supreme Court. Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. For all other petitioners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." Id. at 653-654.

In this case, Petitioner pursued a direct appeal. On July 16, 1998, the Court of Appeals of Georgia affirmed Petitioner's conviction and sentence on direct appeal. Howard v. State, 233 Ga. App. 724 (1998). On December 4, 1998, the Supreme Court of Georgia denied Petitioner's petition for certiorari. Id. Because Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, his conviction became final upon the expiration of time for pursuing direct review in the United States Supreme Court. Gonzalez, 132 S.Ct. at 653-654. After reviewing the record, it appears that Petitioner's time for pursuing direct review in the United States Supreme Court expired no later than March 4, 1999, the date that the ninety-day period during which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009); Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). Because Petitioner's conviction became final on March 4, 1999, Petitioner had until March 4, 2000 to file his section 2254 petition in this Court.

---

[2] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

Petitioner did not execute his federal habeas corpus petition until April 9, 2012, which is approximately 4,420 days after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his federal habeas corpus petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for state post-conviction or other collateral review" in order to toll the one-year limitations period. 28 U.S.C. § 2244(d)(2); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Petitioner did not file any type of application for state post-conviction or other collateral review until Petitioner filed his state habeas corpus petition in the Superior Court of Chattooga County on February 29, 2008. Critically, however, the one-year limitations period for filing his federal habeas corpus petition had elapsed on March 4, 2000. Therefore, by the time Petitioner submitted any type of application for state post-conviction or other collateral review, the one-year limitations period for filing his federal habeas corpus petition had long since expired, meaning that there was no time left to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling set forth in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitations period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, 130 S.Ct. 2549 (2010). Petitioner is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way." Hutchinson, 677 F.3d at 1100, quoting Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies in his case. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If Petitioner makes no effort to demonstrate that he meets the necessary criteria, he is ineligible for equitable tolling. Sibley, 377 F.3d at 1204. In this case, Petitioner has made no effort to demonstrate that he is entitled to equitable tolling of the one-year limitations period. Petitioner has failed to plead or proffer sufficient facts to show that he exercised "reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. Consequently, the record establishes that Petitioner has not shown adequate grounds for equitable tolling.

## CONCLUSION

Because Petitioner failed to file his petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the motion to dismiss filed by Respondent (Doc. 22) be **GRANTED** and that this section 2254 petition be **DISMISSED WITH PREJUDICE**. In light of this recommendation, it is further **RECOMMENDED** that the "memorandum requesting retroactive binding to equal protective of law review" filed by Petitioner (Doc. 33), which this Court previously construed as a motion, be **DENIED**.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is **RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of December, 2012.

                                          s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge